■ ANTHONY QUATTROCCHI, Respondent, v F.J. SCIAME CON-STRUCTION CORP., Respondent-Appellant. F.J. SCIAME CONSTRUC-TION CO., INC., Sued Herein as F.J. SCIAME CONSTRUCTION CORP., Third-Party Plaintiff-Respondent-Appellant, v COMPLETE CON-STRUCTION CONSORTIUM, INC., Third-Party Defendant-Respondent, and UNITED AIRCONDITIONING CORP., Third-Party Defendant-Appellant-Respondent. [843 NYS2d 564]—

Order, Supreme Court, New York County, (Harold Beeler, J.), entered on or about December 23, 2005, which, inter alia, denied the motions of third-party defendant United and third-party plaintiff Sciame for summary judgment, and granted partial summary judgment to plaintiff on his Labor Law § 240 (1) claim, modified, on the law, to the extent of denying partial summary judgment on plaintiff's section 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff, a carpenter employed by third-party defendant Complete Construction Consortium (Complete) was injured on March 23, 2001 on a construction site at which he was working. Two employees of third-party defendant United Airconditioning Corp. (United) were installing an air conditioner above a doorway, and had placed wooden planks atop two temporary swinging plywood doors to act as a shelf or makeshift scaffold upon which they could set the air conditioner if necessary.

According to plaintiff's deposition, when he came through the plywood doors, in the course of delivering two-by-fours upon his supervisor's direction, his shoulder hit one of the doors and "at least three" planks fell on his head and/or back and shoulder area. He was taken to the emergency room and released. He claims to have suffered traumatic brain injury, head trauma, neck injury, disc bulges and herniation, numbness and impairment of neuropsychological function.

On or about February 22, 2002, plaintiff commenced this action against Sciame, the general contractor, alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. On or about December 18, 2003, Sciame commenced a third-party action against Complete and United, alleging that each had agreed to hold Sciame harmless. On or about May 9, 2005, United moved to dismiss the claims pursuant to Labor Law §§ 240 and 241 (6), and to dismiss the third-party complaint on the ground that plaintiff was the sole proximate cause of the accident. United claimed that section 240 (1) did not apply in that there was no causal connection between an inadequate safety device and plaintiff's injury. United also cited the deposition testimony of Bim Goolcharan, one of the United employees who had been working on ladders installing the air conditioner. He stated that, while they were working, they had blocked the doors. When plaintiff came to the doors, he asked if he could come in. Goolcharan told him to wait as the job was done and they were in the process of finishing up. Plaintiff, however,

came through the doors and was grazed by the planks when his shoulder bumped one of the doors upon which they had been balanced.

United argued that this demonstrated that plaintiff was solely to blame for his accident, thus voiding liability under the Labor Law. Sciame cross-moved for summary judgment, contending that Labor Law § 240 (1) was inapplicable because the object that hit plaintiff was not in the process of being hoisted or secured at the time of the accident.

Plaintiff opposed the motion and cross motion, and cross-moved for summary judgment under Labor Law § 241 (6) and § 240 (1), since it was undisputed that, from a distance of 8 to 12 feet above ground level, he was struck by planks that had not been secured.[1] Complete opposed plaintiff's cross motion on the ground that the planks that hit him were not a "falling object" covered by Labor Law § 240 (1), in that they were not being hoisted or secured.

The motion court found that Labor Law § 240 (1) was applicable, and had been violated since the planks should have been secured and "defendant's failure to secure (the planks) establishes its liability as a matter of law." Further, the court observed that Labor Law § 240 (1) applied because the United employees were using the planks as a scaffold. Finding a violation, the court then rejected the recalcitrant worker defense, since that required that plaintiff's action be the *sole* proximate cause of his injury, and could not apply where a violation of Labor Law § 240 (1) was found. The court concluded that "the safety device . . . fell because it was defective as a safety device."

Although the motion court properly held that Labor Law § 240 (1) was applicable, it erred in its conclusory assertion that because the planks fell, they were necessarily inadequately secured, and that, therefore, this was a section 240 (1) violation.

It is well settled in voluminous section 240 (1) jurisprudence that the provision applies to both "falling worker" and "falling

---

1. Plaintiff's counsel further noted that "Although Mr. Goolcharan claims he instructed plaintiff not to come in the doorway, plaintiff vehemently denies any such conversation and denies ever seeing men working in the doorway at the time of the incident." No affirmation from plaintiff to this effect was included, and nothing can be found in the record evidencing any such denial, other than his deposition testimony that no one was working above him at the time he came through the doorway.

object" cases.[2] In the latter category, Labor Law § 240 (1) applies where the falling of an object is related to a significant risk inherent in the "difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).[3]

Further, the issue of whether a falling object must be in the actual process of being "hoisted and/or secured," in order for the statute to apply, has also been resolved by the Court of Appeals. In *Outar v City of New York* (5 NY3d 731 [2005]), the Court made clear that the falling object liability is not limited to cases in which the falling object is being actively hoisted or secured at the time it falls (*see also Smith v Jesus People*, 113 AD2d 980 [1985] [section 240 (1) construed to cover the situation where a defective scaffold falls on a worker and injures him; plank fell from a scaffold and injured a carpenter who was in the process of moving it]).

In *Outar*, the plaintiff was injured when an *unsecured* dolly that was routinely used in his work and was required to have been secured fell from its *"storage"* place on a 5½-foot wall. Clearly in *Outar*, the object did not fall during the course of being hoisted or secured.

Indeed, this Court has permitted a plaintiff to recover as a matter of law where safety equipment became dislodged. In *Thompson v St. Charles Condominiums* (303 AD2d 152 [2003], *lv dismissed* 100 NY2d 556 [2003]), the plaintiff was placing cinder blocks and pans of mortar onto a four-foot-high sawhorse scaffold, on which a bricklayer would then stand in order to work. When the bricklayer climbed onto it, the scaffold collapsed, causing the cinder blocks and the bricklayer to fall on the plaintiff, injuring him. This Court found that, where a safety device has been furnished, and it collapses, a prima facie case of liability under Labor Law § 240 (1) is established, and that this is so whenever the employee is injured as a result of this collapse, regardless of whether the employee was on or under the scaffold when it collapsed.

---

**2.** Labor Law § 240 (1) states in pertinent part that, owners, general contractors and their agents must furnish "scaffolding , hoists, stays, ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection" to a person employed in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building.

**3.** In this case, the Court of Appeals put to rest the misapplication of this statute as enunciated in *Yaeger v New York Tel. Co.* (148 AD2d 308 [1989]; *see also Groves v Land's End Hous. Co.*, 80 NY2d 978, 980 [1992] ["*Yaeger* does not correctly state the law" because section 240 (1) applies not simply where work is performed at heights but where work involves risks related to differences in elevation]).

Finally, section 240 (1) imposes absolute liability upon owners and contractors only upon proof of a violation and that such violation was the proximate cause of the injuries sustained (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003] [liability is contingent on statutory violations and proximate cause and once these elements are established, contributory negligence cannot defeat the plaintiff's claim]).

In effect, an accident alone does not establish a Labor Law § 240 (1) violation or causation (*id.*). Thus, given the mischief attendant to obscuring what was heretofore a bright-line rule, for plaintiff to recover under section 240 (1), the threshold issue to be resolved is whether there was a violation of the statute. If a violation exists, the court must determine whether that violation was the proximate cause of plaintiff's injuries. In other words, in the instant case, plaintiff must show that the planking was not adequately secured, and that because of such inadequate securing, the planks fell.

Here, the planking was being used as scaffolding to rest an air conditioning unit which was being installed. However, the planking was not a defective safety device in the sense that the air conditioning unit fell from the height; rather the planking itself became the falling object and indisputably caused plaintiff's injuries. The motion court, in making its conclusory assertion that the plank was not adequately secured, appears to have applied a type of res ipsa analysis viz., if the plank fell then it necessarily could not have been adequately secured, and therefore a violation of section 240 (1) necessarily existed.

It is true that a presumption in favor of plaintiff arises when a scaffold or ladder collapses or malfunctions "for no apparent reason" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 289). However, in the instant case, this is a convenient, circular theory for plaintiff, which entirely ignores his own conduct.

Hence, a triable issue of fact exists in this case because the plank appeared to be adequately secured on top of two doors held in place by cinder blocks before plaintiff walked through and knocked into the doors with his shoulder. The question to be determined by the finder of fact is whether the planks were, in fact, adequately secured before plaintiff walked into one of the supports thus rendering inadequate, by his own actions, a hitherto adequately constructed scaffold. This is not a case where there was "no apparent reason" for the planks falling, but indeed they appeared to fall for the reason that plaintiff stumbled into one of the supporting devices after being told to

wait before walking through. The evidence, therefore, plausibly supports a contention that there was no violation and that plaintiff was the sole proximate cause of his accident. Concur—Mazzarelli, J.P., Nardelli and Catterson, JJ.

Friedman and Gonzalez, JJ., dissent in a memorandum by Gonzalez, J., as follows: Because I believe that the majority's holding is inconsistent with the Court of Appeals' decision in *Narducci v Manhasset Bay Assoc.* (96 NY2d 259 [2001]), I would reverse and grant partial summary judgment to Sciame and United, dismissing the Labor Law § 240 (1) claim as against them.

Plaintiff, who was employed by third-party defendant Complete Construction Consortium (Complete), was injured at the construction site where he was working. Two employees of third-party defendant United, in the course of installing an air conditioner above a doorway, placed wooden planks atop two temporary swinging plywood doors to act as a shelf or makeshift scaffold, upon which they could set the air conditioner. When plaintiff entered the doorway, in the course of delivering materials, he came in contact with one of the doors causing one of the planks to fall on him, and allegedly injuring him.

In order for Labor Law § 240 (1) to apply, "[a] plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). Since it is undisputed that the plank that fell was not "a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell" (*id.*) and "[t]his was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*id.*), Labor Law § 240 (1) does not apply.

*Outar v City of New York* (5 NY3d 731 [2005]), cited by the majority, does not require a different conclusion. In *Outar*, the plaintiff was injured after a track dolly, which was being used in the work being undertaken, and which had been left completely unsecured on an adjacent bench wall, fell on him. The Court of Appeals held that the dolly was "an object that required securing for the purposes of the undertaking" (*id.* at 732). Unlike *Outar*, the facts in the instant case establish that this was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary. The placing of two wooden planks on the top of the doors did not create a situation where a securing device of the kind enumerated in the statute would have been necessary or even expected. Hence, Labor Law § 240 does not apply.

Accordingly, I would hold that the approximate two-foot fall of one of two wooden planks used to rest an air conditioner during its installation, and which struck plaintiff, does not give rise to the special protections intended by Labor Law § 240 (1).