(April 3, 2008)

■ JAMES KOSAVICK et al., Appellants, v TISHMAN CONSTRUCTION CORP. OF NEW YORK et al., Respondents. [855 NYS2d 433]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 17, 2007, which denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

It is uncontradicted that plaintiff, while performing demolition work, was injured when both he and the unsecured A-frame ladder he was standing on were suddenly struck by a section of pipe he had cut, causing him to fall. Plaintiff had not been provided with adequate safety devices that could be used at the location in question nor was anyone holding the ladder. Plaintiff's claims encompass both a falling object and a fall from an elevation due to inadequate safety devices.

It is uncontested that plaintiff was struck by an unsecured pipe and that he then either fell from the ladder that he was standing on or the ladder itself failed. Addressing the latter scenario first, once a plaintiff makes a prima facie showing that the ladder he was using collapsed, there is a presumption that the ladder was an inadequate safety device (*Panek v County of Albany*, 99 NY2d 452, 458 [2003]). Similarly, his testimony that he was struck by the pipe constitutes a prima facie showing that the appropriate safety device was not used. The burden then shifts to defendant to establish that "there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]).

We observe that this is not merely a negligence action, that the Labor Law and decisional authority impose a greater burden on the defendants, and that public policy protecting workers requires that the statutes in question be construed liberally to afford the appropriate protections to the worker.

Thus, to defeat summary judgment in this case based on violations of the Labor Law, defendant would necessarily have to establish that plaintiff "had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). The record fails to establish that there is an issue of material fact on several of the *Cahill* sole proximate cause factors.

Primarily, there is simply no evidence of record that plaintiff chose not to use an available safety device. Indeed, plaintiff's explanation for his failure to use a chain to secure the pipe prior to cutting through it for removal was that there was no place to attach the chain. At no point does Michael Martin, the president of plaintiff's employer, specifically state that plaintiff was told to use a chain to secure the pipe and that he had "no good reason not to do so" (id.). Furthermore, defendants point to no evidence of record that, like the plaintiffs in Cahill and Blake, plaintiff explicitly refused to use the available safety devices (see Quattrocchi v F.J. Sciame Constr. Corp., 44 AD3d 377, 381-382 [2007]).

We reject the proposition posited by defendants, and accepted by the dissent, that generic statements of the availability of safety devices are sufficient to create an issue of fact that plaintiff was the sole proximate cause of his injury.

Plaintiff specifically testified that although he had used the devices to secure pipes while he was cutting them, at this particular location "[t]here was no place to put a chain." The testimony of Martin, offered by defendant, simply does not controvert this. Martin testified that he did not know if plaintiff was instructed to use any specific safety device, or if safety devices were present at the location of the accident on the day in question. Furthermore, although Martin maintained that plaintiff should have "put up an anchor on the ceiling and tied off," he did not "know the exact spot" where the accident occurred. Martin offered only the conclusion that "[a]nyplace in a room is feasible to tie off" (emphasis added). Of course, Martin was referring to plaintiff anchoring his own safety line, not a chain fall securing the errant pipe. Thus, contrary to the view of the dissent, Martin could not say with any certainty that at the location of the accident, plaintiff either could have "tied off" or that the pipe could have been secured.

Furthermore, Martin was specifically asked if he instructed plaintiff to tie off at the location of the accident or if he knew anyone who directed plaintiff to tie off. He repeatedly responded either "no" or "I don't know." This testimony alone removes the case from the ranks of Cahill and Blake.

Finally, it is beyond cavil that the failure to properly secure a ladder so as to hold it steady and erect during its use constitutes a violation of Labor Law § 240 (1) (see Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 174 [2004]; Dasilva v A.J. Contr. Co., 262 AD2d 214 [1999]). Concur—Lippman, P.J., Catterson and Moskowitz, JJ.

Tom and Nardelli, JJ., dissent in a memorandum by Nardelli,

J., as follows: I respectfully dissent and find that the motion court correctly determined that issues of fact exist as to whether plaintiff was the sole proximate cause of his injuries, thereby precluding partial summary judgment in his favor on his Labor Law § 240 (1) claims.

Labor Law § 240 (1) provides that: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It is settled that not every fall from a ladder gives rise to an award of damages to the injured party under Labor Law § 240 (1) (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288 [2003]), and it is still necessary for a plaintiff to demonstrate that the statute was violated, and that the violation proximately caused his/her injuries (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Quattrocchi v F.J. Sciame Constr. Corp.*, 44 AD3d 377, 381 [2007]). Thus, where a plaintiff's own actions are the sole proximate cause of the accident, liability under section 240 (1) does not attach (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Cahill*, 4 NY3d at 39). Moreover, if adequate safety devices are made available to the worker, but the worker does not use or misuses them, there is no liability (*Robinson*, 6 NY3d at 554-555; *Tonaj v ABC Carpet Co., Inc.*, 43 AD3d 337, 338 [2007]).

In the matter at bar, plaintiff contends that he could not secure the section of pipe he was cutting because it was not feasible to use the safety devices in the area where he was working. In sharp contrast, Michael Martin, the president of Northeast Medical Services, plaintiff's employer, testified that safety equipment, including roustabouts,* chain blocks, rigging and safety harnesses, was available to plaintiff at the particular site where plaintiff was working. Martin further testified that he was familiar with the area in which plaintiff was cutting pipe and that the use of safety harnesses anywhere in that room was feasible. In addition, Martin stated that he had previously

---

* A roustabout was described by Martin as a device which is placed beneath pipe that is being cut in order to secure it so it does not slip or fall when it is being removed.

observed plaintiff utilizing the safety harnesses on that demolition project.

With regard to the majority, I cannot agree that Martin's inability to identify the "exact spot" in the room where the accident occurred is somehow pivotal, since "anyplace" in the room would seem to encompass all of the exact spots. At the very least, it just raises an issue for the jury. Moreover, the majority's emphasis on Martin's statement that "[a]nyplace in *a* room is feasible to tie off" (emphasis added) is unavailing for, when that statement is viewed in the context of the questions being asked of Martin at that point in his deposition, it appears clear that the discussion is concerning the room where plaintiff was working. In any event, such perceived discrepancy is another issue for the trier of fact.

Accordingly, I find that an issue of fact exists as to whether plaintiff was provided with adequate safety devices and declined to use them, which actions, or lack thereof, were the sole proximate cause of his injuries. Moreover, I find the majority's reliance on *Montalvo v J. Petrocelli Constr., Inc.* (8 AD3d 173 [2004]) and *Dasilva v A.J. Contr. Co.* (262 AD2d 214 [1999]) to be misplaced, for in those cases it was specifically found that no safety devices were available, which is not the case herein. I would, therefore, affirm the order of the motion court.