■ Luis Alvarez et al., Appellants, v 1407 Broadway Real Estate LLC et al., Respondents. [915 NYS2d 263]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered April 8, 2010, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Luis Alvarez testified that a scaffold tipped over as he was climbing onto it. In opposition to this prima facie showing that a violation of Labor Law § 240 (1) occurred and that it was a proximate cause of plaintiff's injuries (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592 [2010]), defendants failed to raise an inference in support of their contention that the injured plaintiff's conduct was the sole proximate cause of the accident (see Torres v Monroe Coll., 12 AD3d 261 [2004]; Garcia v 1122 E. 180th St. Corp., 250 AD2d 550 [1998]). Their expert witness conceded that plaintiff's failure to lock the scaffold wheels before climbing onto the scaffold did not cause the scaffold to tip over. In any event, contributory negligence is not a defense to liability under Labor Law § 240 (1) (see Crespo v Triad, Inc., 294 AD2d 145, 147 [2002]). While defendants' expert opined that plaintiff should have used a nearby A-frame ladder,

rather than the ladder rungs of the scaffold, to gain access to the scaffold platform, defendants failed to submit any evidence that plaintiff knew or should have known that he was expected to use a ladder to climb onto the scaffold and "chose for no good reason not to do so" (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). Concur—Saxe, J.P., Moskowitz, Richter, Manzanet-Daniels and Román, JJ.