■ SIMON DURMIAKI, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents. [925 NYS2d 628]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 1, 2010, as denied his motion for summary judgment on so much of the complaint as alleged violations of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on so much of the complaint as alleged violations of Labor Law § 240 (1) is granted.

The plaintiff, a laborer working on a demolition project, was instructed by his supervisor to cut and remove a horizontal pipe located 9 to 10 feet above the ground. The pipe was suspended by hangers connected to the ceiling. The plaintiff ascended an unsecured A-frame ladder to perform the work and stood approximately four feet above the ground, as he had done in the past in order to cut and remove other such pipes. After he began to cut the overhead pipe, he noticed it "bowing" in an unusual manner and observed that one of the hangers holding the pipe about 10 or 12 feet away from the plaintiff's location was missing one of the rods. Before the plaintiff could disengage the saw and descend the ladder, the pipe snapped and fell, striking the ladder and causing the plaintiff to fall. On these facts, the plaintiff made a prima facie showing of his entitlement to judg-

ment as a matter of law on so much of the complaint as alleged violations of Labor Law § 240 (1) (*see Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287, 287-288 [2008]; *Cordova v 360 Park Ave. S. Assoc.*, 33 AD3d 750 [2006]).

In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his injury (*see Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879, 881 [2006]; cf. *Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]). Although the defendants contend that the plaintiff violated a safety rule requiring that all laborers work with a partner during demolition work, they offered no evidence that such a rule was communicated to the laborers (*see Gallagher v New York Post*, 14 NY3d at 88). Similarly, the defendants' contention that the plaintiff's failure to inspect the hangers supporting the overhead pipe was the sole proximate cause of his injuries is without merit, since there is no evidence that he was ever instructed to follow such a procedure and he was not given an opportunity to inspect the hangers as he was specifically directed by his supervisor to cut the pipe at that time (*see Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d at 287-288; cf. *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 37 [2004]). Moreover, while the defendants established that manlifts, scaffolds, and harnesses were available at the worksite, there was no evidence that the plaintiff had been instructed to utilize these other safety devices or to avoid using the ladder (*see Beamon v Agar Truck Sales, Inc.*, 24 AD3d 481, 483 [2005]; cf. *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 37). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on so much of the complaint as alleged violations of Labor Law § 240 (1). Rivera, J.P., Eng, Roman and Miller, JJ., concur.