The plaintiff allegedly was injured when he fell approximately 15 feet from a scaffold to the ground. The plaintiff testified at his deposition that he was descending a two-story high scaffold using the metal cross-pieces of the scaffolding’s frame. After reaching the scaffolding’s first level, the plaintiff rested his foot on a piece of platform planking that extended approximately eight inches beyond the scaffolding’s frame when the planking broke, causing him to fall to the ground.
To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Here, the plaintiff made a prima facie showing establishing his entitlement to judgment as a matter of law by demonstrating that when he stepped on the edge of one of the planks of the scaffolding, it failed to support his weight and broke, causing him to fall.
In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiffs actions were the sole proximate cause of his injuries (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Dwyer v Central Park Studios, Inc., 98 AD3d 882, 884 [2012]; Durmiaki v *929 International Bus. Machs. Corp., 85 AD3d 960, 961 [2011]; Alvarez v 1407 Broadway Real Estate LLC, 80 AD3d 524, 524-525 [2011]). Accordingly, the Supreme Court properly granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.