◼ ROBERT MURPHY, Respondent, v TAHOE DEVELOPMENT CORP. et al., Appellants. (And a Third-Party Action.) [973 NYS2d 807]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Siegel, J.), dated June 28, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was injured when one of the rungs of the wooden A-frame ladder he was using broke, causing him to fall to the ground (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, the defendants failed to submit evidence in admissible form sufficient to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of his injuries (*see Gallagher v New York Post*, 14 NY3d 83 [2010]; *Chabla v 72 Greenpoint, LLC*, 101 AD3d 928 [2012]; *see also Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562). Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.