■ WILSON VIVAR, Appellant, v 441 REALTY, LLC, Respondent. [9 NYS3d 159]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated April 18, 2013, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and, in effect, denied his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured when he fell from an A-frame ladder while installing sheetrock at a building owned by the defendant. He commenced this personal injury action, alleging, among other things, violations of Labor Law §§ 240 (1) and 241 (6).

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). "[T]o succeed on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her resulting injuries" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Plass v Solotoff*, 5 AD3d 365, 366 [2004]).

Here, the evidence submitted on the defendant's motion for summary judgment, and on the plaintiff's cross motion for sum-

mary judgment, did not eliminate triable issues of fact as to whether the defendant's alleged failure to provide adequate safety equipment was a proximate cause of the occurrence. Accordingly, neither party established prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging a violation of Labor Law § 240 (1) (*see Hucke v Suffolk County Water Auth.*, 119 AD3d 735 [2014]; *Desena v North Shore Hebrew Academy*, 119 AD3d 631, 634 [2014]; *Singh v City of New York*, 113 AD3d 605, 606 [2014]; *Ross v DD 11th Ave., LLC*, 109 AD3d 604, 605 [2013]).

In addition, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6). The defendant failed to demonstrate, prima facie, that the Industrial Code provisions upon which the plaintiff relied (*see* 12 NYCRR 23-1.21 [b] [4]; [e] [3]) were either inapplicable or were not violated (*see Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 654 [2014]; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607 [2013]; *Melchor v Singh*, 90 AD3d 866, 870 [2011]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392 [1997]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.