Rapalo v MJRB Kings Highway Realty, LLC (2018 NY Slip Op 05512)





Rapalo v MJRB Kings Highway Realty, LLC


2018 NY Slip Op 05512


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-02762
 (Index No. 7314/09)

[*1]Luis Gerardo Rapalo, appellant, 
v
MJRB Kings Highway Realty, LLC, et al., respondents (and other titles).


Gorayeb & Associates, P.C., New York, NY (Mark H. Edwards of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak and Nicole Galletta of counsel), for respondent MJRB Kings Highway Realty, LLC.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent NY A to Z Construction Group, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated January 6, 2016. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant MJRB Kings Highway Realty, LLC.
ORDERED that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant MJRB Kings Highway Realty, LLC, is granted.
The plaintiff was a construction worker at a building in Brooklyn owned by the defendant MJRB Kings Highway Realty, LLC (hereinafter MJRB). On January 30, 2009, the plaintiff allegedly was injured when a plank on a scaffold he was erecting broke, causing him to fall approximately 30 feet. The plaintiff commenced this action against MJRB, among others, alleging, inter alia, a violation of Labor Law § 240(1). After discovery, the plaintiff moved for summary judgment on the issue of liability against MJRB on the cause of action alleging a violation of Labor Law § 240(1). MJRB opposed the motion, and the Supreme Court denied it. The plaintiff appeals, and we reverse.
Under Labor Law § 240(1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Probst v 11 W. 42 Realty Invs., LLC, 106 AD3d 711, 711). To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries (see Barreto v Metropolitan Transp. Auth., 25 NY3d at 433; Vivar v 441 Realty, LLC, 128 AD3d 810, 810). A worker's comparative negligence is not a defense to a cause of action under Labor Law § [*2]240(1) and does not effect a reduction in liability (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 690; Robinson v National Grid Energy Mgt., LLC, 150 AD3d 910, 912; Garzon v Viola, 124 AD3d 715, 716-717). When, however, the worker's own conduct is the sole proximate cause of the accident, no recovery under Labor Law § 240(1) is available (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that he was not provided with necessary protection from the gravity-related risk of his construction work, and that the absence of the necessary protection was a proximate cause of his injuries (see Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746; Chabla v 72 Greenpoint, LLC, 101 AD3d 928, 928; Campbell v 111 Chelsea Commerce, L.P., 80 AD3d 721, 721-722). In opposition, MJRB failed to raise a triable issue of fact (see Batista v Manhattanville Coll., 28 NY3d 1093, 1094; Chabla v 72 Greenpoint, LLC, 101 AD3d at 928-929; Melchor v Singh, 90 AD3d 866, 869-870; cf. Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105). MJRB contends that the plaintiff's failure to use a safety harness was the sole proximate cause of his accident. There was, however, no evidence that the plaintiff was informed as to where the harnesses were kept and that he was instructed in their use (see Durmiaki v International Bus. Machs. Corp., 85 AD3d 960, 961; Milewski v Caiola, 236 AD2d 320). Moreover, MJRB's contention that the plaintiff was the sole proximate cause of the accident because the scaffold from which he fell was one which he himself was constructing is without merit (see Milewski v Caiola, 236 AD2d at 320; cf. Plass v Solotoff, 5 AD3d 365). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against MJRB (see Cruz v Cablevision Sys. Corp., 120 AD3d at 747).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court