Rroku v West Rac Contr. Corp. (2018 NY Slip Op 06312)





Rroku v West Rac Contr. Corp.


2018 NY Slip Op 06312


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7152 300351/15

[*1]Gjovan Rroku, Plaintiff-Respondent,
v
West Rac Contracting Corp., et al., Defendants-Appellants.


Kennedys CMK LLP, New York (Michael Schneider of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 17, 2017, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and denied defendants' cross motion for summary judgment dismissing that claim, unanimously affirmed, without costs.
Plaintiff's testimony that, as he was climbing down a six-foot scaffold, the scaffold wobbled, causing him to fall to the floor, establishes prima facie defendants' liability under Labor Law § 240(1) (see Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 583 [1st Dept 2018]; Alvarez v 1407 Broadway Real Estate LLC, 80 AD3d 524 [1st Dept 2011]). Plaintiff satisfied his burden of demonstrating that defendants failed to provide adequate safety devices to prevent him from falling when the scaffold moved (see McCarthy v Turner Constr., Inc., 52 AD3d 333, 334 [1st Dept 2008]). The fact that plaintiff was the only witness to his accident does not preclude summary judgment in his favor, since nothing in the record controverts his account of the accident or calls his credibility into question (Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]).
Defendants failed to raise an issue of fact in opposition, relying solely on hearsay statements in the accident report and the speculative opinion of their expert (see 76th & Broadway Owner LLC v Consolidated Edison Co. of N.Y. Inc., 160 AD3d 447 [1st Dept 2018]; Gonzalez, 158 AD3d at 538-584). For the same reason, defendants failed to establish prima facie their freedom from liability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK