Nunez v SY Prospect LLC (2024 NY Slip Op 01782)

Nunez v SY Prospect LLC

2024 NY Slip Op 01782

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 32076/18 Appeal No. 1958 Case No. 2023-05709 

[*1]Arlender Nunez, Plaintiff-Respondent,
v
SY Prospect LLC, Defendant-Respondent, Oxford Interiors Corp., Defendant.
SY Prospect LLC, Third-Party Plaintiff-Respondent,
v
JJ Industries NY Inc., Third-Party Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Steven V. DeBraccio of counsel), for appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Arlender Nunez, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 30, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability against defendant/third-party plaintiff SY Prospect LLC on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1). Plaintiff's testimony established that he was assigned to work on a ladder to caulk and paint a stairwell; that SY Prospect, the owner of the building where plaintiff was working, failed to provide any safety devices or assistance to ensure the stability of the ladder; and that plaintiff fell when the ladder abruptly shook (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; Sacko v New York City Hous. Auth., 188 AD3d 546, 546-547 [1st Dept 2020]).
In opposition, SY Prospect and third-party defendant JJ Industries NY Inc., the entity SY Prospect contracted with to perform painting work at its building, failed to raise an issue of fact as to whether plaintiff's conduct was the sole proximate cause of his injuries (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; Kosavick v Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288 [1st Dept 2008]). They did not present any evidence that appropriate safety equipment was available to secure the ladder or prevent a fall, nor did they refute plaintiff's testimony that he was not provided with any safety devices (see Castillo v TRM Contr. 626, LLC, 211 AD3d 430, 431 [1st Dept 2022]). JJ Industries proffered a conclusory affidavit from plaintiff's supervisor in which he stated, without elaboration, that he observed plaintiff ascend "the wrong side of the ladder," so he told plaintiff to "go up the other side." However, "the recalcitrant worker defense is inapplicable in view of the undisputed fact that no adequate safety devices were provided" (see Zherka v Hudson Meridian Constr. Group LLC, 206 AD3d 445, 446 [1st Dept 2022]). Any alleged discrepancies in plaintiff's testimony are insufficient to create an issue of fact where it is undisputed that
plaintiff lost his balance and fell from an unsecured ladder (see Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024