**Gonzalez v AB Stable LLC**

2026 NY Slip Op 30824(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 155898/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**        PART          14

*Justice*

-----------------------------------------------------------------------------X

SEGUNDO GONZALEZ,

                Plaintiff,

- v -

AB STABLE LLC,TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK, PULLMAN SST INC.,

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155898/2020 |
| MOTION DATE | 02/27/2026 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for         JUDGMENT - SUMMARY        .

Defendants' motion for summary judgment dismissing plaintiff's complaint is granted in part and denied in part and plaintiff's cross-motion is denied.

**Background**

In this Labor Law action, plaintiff contends that he worked for non-party PAL Environmental Services, Inc. ("PAL") in asbestos removal. He alleges that he was injured while working at the Waldorf Astoria Hotel in May 2020 when he was assigned to remove a window from section of a wall as part of an asbestos abatement job.

Plaintiff testified that his job that day was removing windows by going floor by floor (NYSCEF Doc. No. 59 at 70). He added that they were leaving in the frames and only removing screws to take out the glass (*id.* at 71). Plaintiff was wearing hazmat gear, consisting of a full body suit with a hood (*id.* at 73). He explained that "You would remove the screws first. Once

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC
Motion No.  002

Page 1 of 7

[* 1]

the screws were removed, you would lift the window and take it out, so one would grab each side, so you would need two to remove it from each side" (*id*. at 118).

Plaintiff testified that "From then you have the crowbars, and then you use the crowbars to lift the bottom of it, and once you lift the bottom, you pull them out, and once I was doing that, lifting it, that's when the thing fell on top of my head" (*id*. at 129). He insisted that bricks fell on his head (*id*. at 130). About six to eight bricks fell on plaintiff (*id*. at 139).

Defendants move for summary judgment dismissing plaintiff's Labor Law §§ 200, 240(1) and 241(6) claims. They claim that they did not control the means or methods of plaintiff's work, that the Industrial Code sections cited in relation to the 241(6) cause of action are inapplicable and that this was not an elevation-related hazard so 240(1) does not apply. They also contend that defendant Pullman SST, Inc. ("Pullman") is not a proper Labor Law defendant. Defendants argue that Pullman was a specialty contractor—a façade contractor—and did not have any role in the abatement work at issue.

Plaintiff does not oppose the dismissal as to Pullman but contests the rest of defendants' motion. He also cross-moves to add a specific Industrial Code section,12 NYCRR 23-3.3(c), to his 241(6) cause of action.

## Labor Law 240(1)

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC
Motion No.  002

Page 2 of 7

of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

The Court denies defendants' motion for summary judgment with respect to this claim. It is axiomatic that Labor Law § 240(1) applies to both a "falling worker" and "falling object" actions (*Quattrocchi v F.J. Sciame Const. Corp.*, 44 AD3d 377, 379 [1st Dept 2007], *affd*, 11 NY3d 757 [2008]). "[F]alling object liability is not limited to cases in which the falling object is being actively hoisted or secured at the time it falls" (*id*. at 380). Here, bricks fell from above while plaintiff was working to dislodge glass from windows. That raises a material issue of fact concerning whether the bricks were properly secured and if safety precautions should have been utilized to protect plaintiff from falling debris. Heavy bricks falling from above—even if they did not fall from a great height—raises a clear issue under Labor Law § 240(1) sufficient to deny this branch of the motion.

**Labor Law § 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . .

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC
Motion No. 002

Page 3 of 7

3 of 7

[A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

Defendants contend that plaintiff controlled the means and methods of his work and that the accident arose when he pried the window frame, which caused the masonry (the bricks) to break loose. They emphasize that none of the defendants controlled or supervised plaintiff's work and that plaintiff received instructions from his own foreman.

In opposition, plaintiff claims that this is, instead, a dangerous condition type of case and there are issues of fact concerning whether or not the site was safe.

The Court dismisses this cause of action because defendants did not control the means or methods of plaintiff's work. The record shows that plaintiff worked for an asbestos removal company that had a specific set of procedures to do its work and that defendants did not play any role whatsoever in plaintiff's work.

To the extent that this is considered a dangerous condition matter, the Court would also dismiss this claim as there is no suggestion that defendants had any notice of problems with the bricks prior to the accident.

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

As an initial matter, defendants pointed out in reply that plaintiff did not oppose the motion with respect to Industrial Code sections 23- 1.5(c)(3); 23-3.3(g); 23-1.8; 23-1.33; 23-3.2; 23-1.7(b), (d), (e)(2); 23-1.9 ; 23-1.20; 23-1.30; 23- 1.32; 23-2.2; 23-2.5(a); 23-2.6(a); 23-3.3(e) and 23-3.4. Therefore, that portion of plaintiff's Labor Law § 241(6) claim is severed and dismissed.

The two remaining sections are 23-1.7(a)(1) and 23-3.3(c), the latter of which is part of plaintiff's cross-motion to amend his bill of particulars.

12 NYCRR 23-1.7(a)(1) provides that: "(1) Every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC
Motion No.  002

Page 5 of 7

suitable overhead protection. Such overhead protection shall consist of tightly laid sound planks at least two inches thick full size, tightly laid three-quarter inch exterior grade plywood or other material of equivalent strength. Such overhead protection shall be provided with a supporting structure capable of supporting a loading of 100 pounds per square foot."

Defendants contend that plaintiff was working inside of a sealed asbestos abatement enclosure removing a window from a wall when the accident happened. They therefore contend that this is not a public passageway nor was it an area normally subjected to falling debris. Defendants stress that the only piece of falling debris was from the area in which plaintiff was working—the wall.

In opposition, plaintiff argues that his "description of his work made it evident that there was the risk of falling material in his work area" (NYSCEF Doc. No. 65, ¶ 46). Unfortunately, this did not raise a material issue of fact sufficient to keep this Industrial Code section. Plaintiff simply did not adequately show that this was an area normally subject to falling materials. For instance, there were no other trades working above or other tasks being performed that included a risk of falling items. Instead, it was a controlled environment due to the nature of plaintiff's asbestos removal tasks.

Plaintiff also seeks to add 12 NYCRR 23-3.3(c), which states that "During hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material. Persons shall not be suffered or permitted to work where such hazards exist until protection has been provided by shoring, bracing or other effective means."

The key here is where plaintiff's asbestos removal work constitutes demolition for purposes of this Industrial Code section.

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC                    Page 6 of 7
Motion No.  002

6 of 7

"Demolition is defined in the Code as 'work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment. Our decisions have required that in order to constitute demolition within the meaning of § 23–3.3, the work must involve changes to the structural integrity of the building as opposed to mere renovation of the interior" (*Cardenas v One State St., LLC*, 68 AD3d 436, 439 [1st Dept 2009]).

Here, the removal of glass from the window frames did not constitute demolition under the definition stated above and so the Court denies plaintiff's cross-motion. There is no evidence on this record that plaintiff was engaged in demolition.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted only to the extent that plaintiff's Labor Law §§ 200 and 241(6) claims are severed and dismissed and that all claims as against Pullman SST, Inc. are severed and dismissed.

| 3/5/2026 | | | ARLENE P. BLUTH, J.S.C. |
| --- | --- | --- | --- |
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

155898/2020   GONZALEZ, SEGUNDO vs. AB STABLE LLC
Motion No. 002

Page 7 of 7

7 of 7