[923 NE2d 1120, 896 NYS2d 732]

HUGH GALLAGHER et al., Appellants, v THE NEW YORK POST et al., Respondents. NYP HOLDINGS, INC., Third-Party Plaintiff-Respondent, v FRANCIS A. LEE Co., Third-Party Defendant-Respondent.

Argued January 6, 2010; decided February 11, 2010

**POINTS OF COUNSEL**

*Sacks and Sacks, LLP,* New York City (*Scott N. Singer* and *Kenneth Sacks* of counsel), for appellants. I. Upon the undisputed proof that no safety devices were provided, plaintiff should have been awarded summary judgment under Labor Law § 240 (1). (*Koenig v Patrick Constr. Corp.,* 298 NY 313; *Bland v Manocherian,* 66 NY2d 452; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Brant v Republic Steel Corp.,* 91 AD2d 841; *Phillips v Flintkote Co., Glens Falls Portland Cement Div.,* 89 AD2d 724;

*Rea v Elia Bldg. Co.,* 79 AD2d 1102; *Duda v Rouse Constr. Corp.,* 32 NY2d 405; *Joyce v Rumsey Realty Corp.,* 17 NY2d 118.) II. Plaintiff was not the sole proximate cause of his accident. (*S.J. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35.) III. Defendants' failure to provide lifelines, stanchions or other anchorage points for safety belts provides an additional basis for liability under Labor Law § 240 (1). (*Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Bland v Manocherian,* 66 NY2d 452; *Goldthwait v State of New York,* 120 AD2d 969; *Desrosiers v Barry, Bette & Led Duke, Inc.,* 189 AD2d 947; *Hayes v Eastman Kodak Co.,* 143 AD2d 510; *Nimirovski v Vornado Realty Trust Co.,* 29 AD3d 762; *Miglionico v Bovis Lend Lease, Inc.,* 47 AD3d 561.)

*Jones Hirsch Connors & Bull P.C.,* New York City (*Richard C. Imbrogno* and *Mark Wellman* of counsel), for respondents and third-party plaintiff-respondent. The Appellate Division correctly affirmed the denial of plaintiffs' motion for summary judgment on their Labor Law § 240 (1) claim because triable issues of fact exist. (*Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Zeitner v Herbmax Sharon Assoc.,* 194 AD2d 414; *Montgomery v Federal Express Corp.,* 4 NY3d 805; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Sommer v Federal Signal Corp.,* 79 NY2d 540; *Makaj v Metropolitan Transp. Auth.,* 18 AD3d 625; *Landry v Di Sarro Constr. Co.,* 149 AD2d 859, 74 NY2d 940; *Miller v Long Is. Light. Co.,* 166 AD2d 564; *Quattrocchi v F.J. Sciame Constr. Corp.,* 44 AD3d 377, 11 NY3d 757; *Miglionico v Bovis Lend Lease, Inc.,* 47 AD3d 561.)

*Rafter & Associates, PLLC,* New York City (*Howard K. Fishman* of counsel), for third-party defendant-respondent. Plaintiffs' motion for summary judgment was correctly denied because there are questions of fact whether safety devices were available to Hugh Gallagher at the job site. (*Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35; *Robinson v East Med. Ctr., LP,* 6 NY3d 550; *Montgomery v Federal Express Corp.,* 4 NY3d 805; *Bradley v Ibex Constr. LLC,* 22 AD3d 380.)

## OPINION OF THE COURT

PIGOTT, J.

On June 28, 2004, plaintiff Hugh Gallagher, an ironworker, was assigned to remove a section of metal decking from the

second floor of a building in the Bronx owned by defendant NYP Holdings, Inc. (NYP), in preparation for the installation of new flooring. He was partnered with another ironworker, Jim Gaffney; the two men worked under the direction of foreman Joe Nover. Gallagher was cutting the metal with a two-handled, powered saw, enlarging an opening created by other workers. According to Gallagher, he was holding both handles of the saw when its blade jammed, propelling him forward so that he fell through the uncovered opening. Gallagher landed on a temporary floor situated between the first and second levels, sustaining injuries.

Gallagher and his wife commenced this personal injury action against NYP,[1] alleging, among other things, violations of Labor Law §§ 200, 240 (1) and § 241 (6). Relevant to this appeal, plaintiffs allege that NYP failed to provide Gallagher safety devices to prevent a fall from an elevated work site, in violation of Labor Law § 240 (1).

At his deposition, the assistant project manager at the NYP work site, Jonathan Schreck, testified that "safety harnesses with shock-absorbing lanyards" and "retracting lanyards that we refer to as yo-yos" were available for use at the project site on the date of the accident, but he could not say whether any such safety devices were in the area from which Gallagher fell. Schreck also testified that, at the time of the accident, there was a "standing order," issued by project manager Mark Piazza to the project foremen, that the ironworkers should "have a harness on and be tied off." However, he could not recall whether these instructions had been given to the ironworkers.

Schreck, who had taken Gallagher to the hospital after the accident, testified that Gallagher had given him the impression that he had been holding the saw with only one hand and that he had fallen as he reached to grab the jammed saw with his other hand. He stated that Gallagher had told him that he had not been cleared by his doctor to return to work, following a 2002 accident and related surgeries to his right hand. Gallagher himself stated at his deposition that he could not complete a grip with his right hand, because the tip of his little finger was missing. But he insisted that he had been cleared to return to work by the date of his accident.

Plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) claim, pointing to an affidavit by Gaffney stating

---

1. Plaintiffs sued NYP as "The New York Post and NYP Holdings, Inc."

that "there were no safety lines, lifelines or stanchions in the work area, and [he and Gallagher] were not provided with any safety belts, harnesses or yo-yos in order to tie off." NYP cross-moved for summary judgment dismissing the complaint in its entirety.[2] NYP relied in large part on Schreck's deposition testimony that safety devices were available for use at the project site, and concerning the "standing order." NYP also argued that Gallagher had not been medically cleared to return to work following his 2002 accident, and that his premature return was the sole proximate cause of his injuries.

In further support of their motion, plaintiffs introduced an affidavit signed by Nover, Gallagher's foreman, who, according to Schreck, would have been the person responsible for relaying safety instructions to the ironworkers. Nover stated that Gallagher had not been "provided with a safety harness or lifeline, nor were any stanchions or safety cables in the accident area at the time of the accident."

Supreme Court denied plaintiffs' summary judgment motion (2007 NY Slip Op 34452[U]).[3] Initially it did so on the ground that Schreck's deposition testimony raised a question of fact as to whether safety devices had been provided to Gallagher. On reargument, Supreme Court acknowledged that it had overlooked Nover's affidavit and decided that no triable issue of fact existed as to whether Gallagher had been provided with appropriate safety devices. Nevertheless, Supreme Court ruled that the summary judgment motion should be denied—apparently on the basis that Gallagher may have returned to work prematurely, and that the weakness of his grip on the saw may have been the sole proximate cause of his accident.

The Appellate Division agreed with Supreme Court's initial rationale for denying plaintiffs summary judgment, holding that Schreck's testimony was sufficient to raise issues of fact as to whether Gallagher had been provided with adequate safety devices and instructed to use them, but had declined to do so (55 AD3d 488 [2008]). Two Justices dissented. The Appellate Division granted plaintiffs leave to appeal, and we now reverse.

---

**2.** NYP also commenced a third-party action against Gallagher's employer, Francis A. Lee Co.; that action is not before this Court.

**3.** Supreme Court granted NYP's cross motion to the extent of dismissing the Labor Law § 200 claim but, on reargument, reinstated the claim. The Appellate Division dismissed the section 200 claim. Plaintiffs do not appeal this part of the Appellate Division order.

Through the affidavits of Gaffney and Nover, plaintiffs made a prima facie showing that NYP violated Labor Law § 240 (1) by failing to furnish adequate safety devices to Gallagher. Both men asserted that the ironworkers were not provided with necessary safety devices, corroborating Gallagher's own similar testimony. The burden then shifted to NYP to raise a question of fact as to whether there was a violation of Labor Law § 240 (1). NYP argues that it met this burden through evidence that adequate safety devices were provided to Gallagher or, in the alternative, evidence that the sole proximate cause of Gallagher's fall was that he prematurely returned to work.

NYP relies on our decision in *Montgomery v Federal Express Corp.* (4 NY3d 805 [2005]). In *Montgomery*, we held that a worker who injured himself when he jumped from an elevator motor room to a roof, rather than use a "readily available" ladder, was not entitled to recover under Labor Law § 240 (1). Similarly, in *Robinson v East Med. Ctr., LP* (6 NY3d 550, 553 [2006]), we held that a plumber who lost his balance and injured himself, when he used a six-foot ladder to install pipes at a height of 12 to 13 feet from the floor, could not recover under section 240 (1), because he knew that there were eight-foot ladders on the job site and exactly where they could be found. Both cases stand for the same proposition. Liability under section 240 (1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he was expected to use them but for no good reason chose not to do so, causing an accident. In such cases, plaintiff's own negligence is the sole proximate cause of his injury (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]).

This is not such a case. There is no evidence in the record that Gallagher knew where to find the safety devices that NYP argues were readily available or that he was expected to use them. Although Schreck testified that appropriate safety devices were available at the project site on the date of the accident, nowhere in his testimony did Schreck state that Gallagher had been told to use such safety devices. Schreck referred to a "standing order" issued to the project foremen, directing workers to "have a harness on and be tied off," but could not say whether the order had been conveyed to the workers. Moreover, the affidavit of Gallagher's foreman, Nover, who was not deposed, does not support NYP's claim that Gallagher was told about safety devices. Nover stated that Gallagher had not been

provided with the requisite safety devices, a proposition that is consistent either with Gallagher's ignorance of the availability of safety devices or with his knowledge thereof. Even viewed in the light most favorable to NYP (as it must be when we consider plaintiffs' motion for summary judgment), the evidence does not raise a question of fact that Gallagher knew of the availability of the safety devices and unreasonably chose not to use them.

■ Finally, even if Gallagher's grip on the saw was not up to full strength as a result of his prior injury, such weakness in his hand would at most have contributed towards his loss of balance, and cannot as a matter of law have been the sole proximate cause of his fall from the second floor to the temporary floor.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, plaintiffs' motion for summary judgment as to liability on their Labor Law § 240 (1) claim granted, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order, insofar as appealed from, reversed, etc.