■ JAMES A. McCAY, Respondent, v J.A. JONES-GMO, LLC, Defendant, and COLUMBIA UNIVERSITY et al., Appellants. (And a Third-Party Action.) THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Second Third-Party Plaintiffs-Appellants, v DEL SAVIO CONSTRUCTION CORP., Second Third-Party Defendant. [904 NYS2d 30]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 26, 2010, which, upon granting plaintiff's motion for reargument, granted plaintiff's motion for partial summary judgment on the issue of defendants-appellants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff's testimony that he was injured when bricks falling from above caused him to step off the plywood platform on which he was carrying a bundle of steel rebar beams, and into a hole that was approximately six feet deep and four to five feet wide, suffices to show that his injuries were caused by an elevation-related risk. For purposes of section 240 (1), it does not avail defendants to argue that the accident was caused by the falling bricks (*see Gallagher v New York Post*, 14 NY3d 83, 86 [2010] [worker propelled into uncovered hole when blade of his saw jammed]; *Joyce v Rumsey Realty Corp.*, 17 NY2d 118, 122-123 [1966]). The unsworn hospital report on which defendants rely was improperly submitted for the first time in opposi-

tion to plaintiff's motion to reargue (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 989 [1988]). In any event, the report, which stated that plaintiff was carrying a heavy object at the time of his accident, does not conflict with plaintiff's account that he fell into a hole. We decline plaintiff's request to search the record for the purpose of granting him summary judgment on his Labor Law § 241 (6) claim, which, although a subject of his prior motion for summary judgment, was not a subject of his motion for reargument. Concur—Tom, J.P., Friedman, Mc-Guire, Acosta and Román, JJ.