■ RICHARD PIETROWSKI et al., Respondents, v ARE-EAST RIVER SCIENCE PARK, LLC, et al., Appellants. [928 NYS2d 266]—

The motion court erred in granting summary judgment to plaintiffs on their Labor Law § 240 (1) claim since there are triable issues of fact with respect to what proximately caused plaintiff Richard Pietrowski's accident.* It is well settled that "[l]iability under section 240 (1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site . . . and plaintiff knew he was expected to use them but for no good reason chose not to do so, causing an accident" (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]).

Here, while plaintiff's foreman, Jack Sanders, averred that

---

* Plaintiff was allegedly injured while descending from the fifth floor of a building under construction to a scaffold located approximately 70 inches below.

"there were no independent safety cable systems erected" at the location of Pietrowski's fall, the record evidence proffered by defendants suggests the opposite. Specifically, Keith Balvin, a structural superintendent employed by defendant Turner Construction Company averred that upon his post-accident inspection of the situs of the accident, which reflected pre-accident conditions, he noted the existence of independent safety cable systems, namely two choker cable slings on a vertical beam. In addition, Ed Hendrickson, a general foreman employed by Pietrowski's employer, averred that on the date of Pietrowski's accident he observed "several choker cables (or 'slings') . . . with retractable lanyards attached to the chokers," in the area from which Pietrowski alleges to have fallen. Hendrickson further stated that Pietrowski was provided with a safety booklet outlining the elevation related safety rules including tie-off requirements for iron workers, that employees were told that they were required to tie off, that iron workers were provided with choker cables to attach to vertical/horizontal beams so that they could tie off safely, and that all employees were aware that choker cables were readily available in gang boxes on each floor. Thus, whether defendants failed to provide Pietrowski with choker cables, or whether they were made available and Pietrowski was recalcitrant in failing to use them is a question of fact precluding summary judgment in favor of any of the parties (*Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712, 714 [2007]).

It was also error to grant summary judgment in plaintiffs' favor with respect to their Labor Law § 240 (2) claim. Labor Law § 240 (2) is implicated when a worker is injured due to an elevation-related hazard (*Bryant v General Elec. Co.*, 221 AD2d 687, 689 [1995]). Moreover, liability under Labor Law § 240 (2) is predicated upon the failure to provide safety rails on a scaffold more than twenty feet off the ground (Labor Law § 240 [2]; *Gaffney v BFP 300 Madison II, LLC*, 18 AD3d 403, 404 [2005]; *Emmi v Emmi*, 186 AD2d 1025, 1025 [1992]), when such violation is the proximate cause of plaintiff's accident (*Pulsifer v Eastman Kodak Co.*, 219 AD2d 880, 880 [1995]). Here, the record presents a triable issue of fact with respect to whether plaintiff fell from the scaffold, or while he was descending to it. Accordingly, whether Pietrowski's accident was caused by the independent Labor Law § 240 (2) violation, namely the absence of safety rails on the scaffold, or as discussed above, solely by his negligence in failing to use the safety devices available to him, is a question of fact precluding summary judgment on plaintiffs' claim pursuant to Labor Law § 240 (2). If Pietrowski fell as he was descending to the scaffold, and merely hit the

scaffold on the way down, then the absence of safety rails could not have been the proximate cause of his fall and defendants cannot be liable despite the violation of Labor Law § 240 (2).

The motion court properly denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim inasmuch as plaintiffs alleged that defendants violated Industrial Code (12 NYCRR) § 23-5.8 (h). It is undisputed that the floating scaffold cracked when Pietrowski struck it and defendants presented no evidence as to whether they provided any nails, cleats or other securing devices for this floating scaffold at the time of the accident in accordance with the Code's requirement (*Avila v Ashton Mgt. Co.*, 24 AD3d 273 [2005]). Nevertheless, the motion court erred when it denied defendants' motion to dismiss plaintiff's Labor Law § 241 (6) claim, to the extent premised on a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1), which applies to hazardous openings of significant depth and size. It is clear that this provision of the Industrial Code is wholly inapplicable to the facts of this accident since plaintiff did not fall through an "opening" as defined by this section of the Industrial Code. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.