■ GHEORGHE NECHIFOR, Respondent, v RH ATLANTIC-PACIFIC LLC et al., Appellants. [938 NYS2d 308]—

Plaintiff fell approximately 12 feet as he attempted to descend from the top of a scaffold by climbing down the side frame of the scaffold. Plaintiff made a prima facie showing of defendants' liability under section 240 (1) by showing that defendants failed to provide the ladder that was supposed to be attached to the scaffold, and that such failure was a proximate cause of the accident (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 9-10 [2011]).

In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff's own acts or omissions constituted the sole proximate cause of the accident. Even assuming that plaintiff knew that a ladder or other appropriate safety devices were readily available to him, there is no evidence that plaintiff knew that he was expected to use the safety devices for the assigned task (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]).

The motion court providently exercised its discretion in granting the motion to increase the ad damnum clause (*see* CPLR 3025 [b]). Defendants are not prejudiced by the proposed amendment (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.