# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

784
CA 15-02182
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

WILLIAM SCRUTON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ACRO-FAB LTD., DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

COSTELLO COONEY & FEARON, PLLC, CAMILLUS (MEGAN GRIMSLEY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered March 20, 2015. The order, insofar as appealed from, granted that part of the motion of plaintiff for partial summary judgment on the issue of liability against defendant Acro-Fab Ltd. pursuant to Labor Law § 240 (1).

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries he sustained when he fell to the ground from atop the outer wall of a building extension being constructed for Acro-Fab Ltd. (defendant), after one of the roof trusses that plaintiff was installing started to tip over. We agree with defendant that Supreme Court erred in granting that part of plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is well settled that in order to establish entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1), the plaintiff "must establish that the statute was violated and that such violation was a proximate cause of his [or her] injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433, *rearg denied* 25 NY3d 1211; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289). "Liability under section 240 (1) does not attach when the safety devices that [the] plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and [the] plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident"

(*Gallagher v New York Post*, 14 NY3d 83, 88).  Under those circumstances, the "plaintiff's own negligence is the sole proximate cause of his [or her] injury" (*id.; see Cahill*, 4 NY3d at 39-40).

Where the plaintiff's submissions in support of the motion raise a triable issue of fact whether his or her own actions were the sole proximate cause of the injury, the plaintiff has failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability because "if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation" (*Blake*, 1 NY3d at 290; *see Banks v LPCiminelli, Inc.*, 125 AD3d 1334, 1335; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  In this case, plaintiff's submissions raised triable issues of fact whether plaintiff knew that he was expected to use a readily available ladder at the work site to perform his task, but for no good reason chose not to do so, and whether he would not have been injured had he not made that choice (*see Cahill*, 4 NY3d at 40; *Banks*, 125 AD3d at 1335; *see generally Gallagher*, 14 NY3d at 88).  Contrary to the analysis of the dissent, inasmuch as plaintiff raised such issues of fact through his own submissions, the burden never shifted to defendant, and denial of the motion was required "regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324).

All concur except CENTRA, J.P., and CURRAN, J., who dissent and vote to affirm in the following memorandum:  We respectfully dissent from the conclusion of our colleagues that Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment against Acro-Fab Ltd. (defendant) on the issue of liability under Labor Law § 240 (1).  In our view, plaintiff met his burden by establishing "that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433), and defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  We therefore would affirm the order.

Plaintiff's accident occurred while he was nailing down roof trusses on a building extension being constructed for defendant.  At the time of his fall, plaintiff was standing with one foot on the top of the building's outer wall and one foot on a truss to perform that work.  When that unsecured truss came free, plaintiff lost his balance, fell to the ground, and sustained injuries.  In meeting his burden, plaintiff established that defendant failed to furnish, place, and operate any safety device to protect him from falling while he was installing the roof trusses (*see Luna v Zoological Socy. of Buffalo, Inc.*, 101 AD3d 1745, 1745-1746; *Kuhn v Camelot Assn., Inc.* [Appeal No. 2], 82 AD3d 1704, 1705; *Williams v City of Niagara Falls*, 43 AD3d 1426, 1427; *Whiting v Dave Hennig, Inc.*, 28 AD3d 1105, 1106).  Specifically, plaintiff established that, while a ladder may have been present at the work site, "none had been erected for plaintiff's specific task" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 519, *rearg denied* 65 NY2d 1054).  We conclude, alternatively, that plaintiff met his burden of establishing a violation of the statute under the theory that the unsecured truss upon which he was partially standing in order to do his work collapsed, thereby causing him to

fall and sustain injuries (*see Ewing v Brunner Intl., Inc.*, 60 AD3d 1323, 1323; *Bradford v State of New York*, 17 AD3d 995, 997).

The burden then shifted to defendant to raise a triable issue of fact whether there was a violation of Labor Law § 240 (1) (*see Gallagher v New York Post*, 14 NY3d 83, 88).  In our view, this burden includes the requirement that defendant establish triable questions of material fact as to the "sole proximate cause defense" (*Piotrowski v McGuire Manor, Inc.*, 117 AD3d 1390, 1392) because "if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290).  In other words, inasmuch as it is "conceptually impossible for a statutory violation (which serves as a proximate cause for plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (*id.*), the sole proximate cause issue must be addressed after a statutory violation is prima facie established but before concluding that the violation was a proximate cause of the injury.  Defendant therefore bore the burden to establish a triable question of material fact as to all of the elements of the "sole proximate cause defense," i.e., whether plaintiff knew that he was expected to use a readily available ladder to perform his work, but for no good reason chose not to do so, and whether he would not have been injured had he not made that choice (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40).  We conclude that defendant failed to submit such evidence.  Even assuming, arguendo, that defendant raised a triable issue of fact that a ladder was readily available to plaintiff because it was nearby on the work site, defendant failed to submit any evidence that one had been erected for plaintiff's specific task (*see Zimmer*, 65 NY2d at 519), or that plaintiff had been instructed to use the ladder that plaintiff's employer had identified during his deposition (*see Handville v MJP Contrs., Inc.*, 77 AD3d 1471, 1473).  Further, the employer's vague and conclusory testimony that he "trained" his "workers" to use a ladder when doing the work performed by plaintiff is, in our view, insufficient to create a triable question of fact whether plaintiff knew he was supposed to use a ladder to perform the job in question.  We submit that this general reference to "training" does not fulfill defendant's duty to ensure proper protection for plaintiff and is far less than the job site "standing order" rejected by the Court of Appeals in *Gallagher* as a basis for finding a triable question of fact regarding whether plaintiff knew he was supposed to use a particular safety device (14 NY3d at 88).

To the extent that the majority relies on plaintiff's lengthy experience performing the type of work in question, the generalized evidence here does not raise a triable question of fact whether plaintiff knew he was supposed to use the ladder.  The record does not contain any evidence regarding the manner in which plaintiff was purportedly trained to perform the work in question and, based on our reading of the record, there is no evidence that plaintiff had ever previously used a ladder to do the type of work in question and, in fact, plaintiff testified that he had not done so.

Further, even assuming, arguendo, that a ladder was erected for

plaintiff's specific task and he knew he should have used it, we conclude that defendant has failed to raise a triable question of material fact that plaintiff chose not to use it "for no good reason" (*Cahill*, 4 NY3d at 40).  Plaintiff testified that use of a ladder was precluded "purely (as) a speed issue," but the record reflects that he complained about the excessive speed of the work shortly before his fall and that his employer was solely responsible for setting the pace of the work to be accomplished.  We submit that, under such circumstances, plaintiff's election to try to stay up with the pace of the work is not something for which he may alone be faulted.

In our view, plaintiff established a statutory violation of Labor Law § 240 (1), defendant failed to raise a triable question of fact on that issue or the "sole proximate cause defense," and inasmuch as there is no dispute that plaintiff's injuries were proximately caused by his fall, we would affirm the court's order granting partial summary judgment to plaintiff.

Entered: November 10, 2016                    Frances E. Cafarell
                                              Clerk of the Court