Lord v Whelan & Curry Constr. Servs., Inc. (2018 NY Slip Op 07563)





Lord v Whelan & Curry Constr. Servs., Inc.


2018 NY Slip Op 07563


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


986 CA 18-00362

[*1]CHARLES E. LORD, PLAINTIFF-RESPONDENT,
v
WHELAN AND CURRY CONSTRUCTION SERVICES, INC., FELDMEIER EQUIPMENT, INC., AND 6800 TOWNLINE ROAD PARTNERSHIP, DEFENDANTS-APPELLANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), AND WEGENSKI LAW FIRM, BREWERTON, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 2, 2017. The order, inter alia, denied defendants' motion for summary judgment and granted plaintiff's cross motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries that he sustained when he fell through a roof while working on a demolition project. Defendants contend that Supreme Court erred in granting plaintiff's cross motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action. We reject that contention. Plaintiff established that defendants' failure to provide adequate fall protection was a proximate cause of the accident (see Calderon v Walgreen Co., 72 AD3d 1532, 1533 [4th Dept 2010], appeal dismissed 15 NY3d 900 [2010]). In opposition, defendants failed to raise an issue of fact whether plaintiff's own negligence was the "sole proximate cause" of his injuries, in particular, whether safety harnesses "were readily available at the work site, albeit not in the immediate vicinity of the accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; cf. Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016]). Thus, we likewise reject defendants' contention that plaintiff was the sole proximate cause of his injuries and that the court therefore erred in denying their motion for summary judgment dismissing the complaint.
We agree with defendants, however, that the court erred in searching the record and granting summary judgment to plaintiff on his Labor Law § 241 (6) cause of action, and we therefore modify the order accordingly. Contrary to plaintiff's assertion, although defendants did not advance their contention before the trial court, we conclude that the contention is properly before us because defendants lacked an opportunity to raise it at any time before this appeal (cf. Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). Further, " [a] motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense' " (Miller v Mott's Inc., 5 AD3d 1019, 1020 [4th Dept 2004]; see Sadkin v Raskin & Rappoport, P.C., 271 AD2d 272, 273 [1st Dept 2000]). Here, the only issue raised with respect to the Labor Law § 241 (6) cause of action was on defendants' motion, wherein they asserted that dismissal was warranted on the ground that plaintiff was the sole proximate cause of his injuries. The court therefore erred in granting summary judgment to plaintiff based on alleged violations of 12 NYCRR 23-1.7 (b) (1) (c) and 23-3.3 (c).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court