Melaku v AGA 15th St., LLC (2021 NY Slip Op 00527)





Melaku v AGA 15th St., LLC


2021 NY Slip Op 00527


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 153750/16 Appeal No. 13016 Case No. 2020-01673 

[*1]Michael Melaku, Plaintiff-Respondent,
v
AGA 15th Street, LLC et al., Defendants-Respondents-Appellants, The College of St. Francis Xavier et al., Defendants-Appellants-Respondents. [And a Third-Party Action.]


Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for appellants-respondents.
O'Toole Scrivo, LLC, New York (Michael C. Feinberg of counsel), for respondents-appellants.
The Perecman Firm, PLLC, New York (David H. Perecman of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered February 4, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, denied in part the building developer (AGA) and its contractor's (Skyward) motion for summary judgment dismissing the § 240(1) claim, and denied in part the school (Xavier) and its construction manager's (R&R) motion for summary judgment dismissing the § 240(1) claim, as well as AGA and Skyward's contractual and common-law cross claims, unanimously modified, on the law, to the extent of granting Xavier and R&R's motion insofar as it seeks dismissal of the cross claims against them, and otherwise affirmed, without costs.
Plaintiff was properly granted partial summary judgment on his Labor Law § 240(1) claim against AGA, Xavier, and R&R, as the A-frame step ladder tipped over and fell while he was standing on it to reach for a tool (see Rivera-Astudillo v Garden of Prayer Church of God in Christ, Inc., 176 AD3d 425, 425 [1st Dept 2019]; Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 583 [1st Dept 2018]). Contrary to defendants' contention, plaintiff was not the sole proximate cause of his fall (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Asked to retrieve a tool from the edge of the lower of two levels of the scaffold, it was not unreasonable for plaintiff to use the step ladder instead of the vertical rungs built onto the scaffold, which, according to a coworker, would have required the use of one of two harnesses already in use.
The cross claims asserted against Xavier and R&R, however, must be dismissed. The common-law indemnification cross claim against R&R fails, as only plaintiff's employer "actually directed and supervised the work" performed (McCarthy v Turner Constr., Inc., 17 NY3d 369, 378 [2011]), whereas R&R's liability under § 240(1), acting as Xavier's general contractor, is vicarious. The merits of the remaining cross claims were not briefed by AGA and Skyward before the motion court or on appeal, and, thus, those claims have been abandoned (see e.g. Bulka v Metropolitan Life Ins. Co., 179 AD3d 554, 555 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021