Vargas v 1166 LLC (2022 NY Slip Op 00528)





Vargas v 1166 LLC


2022 NY Slip Op 00528


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 153377/16 Appeal No. 15099 Case No. 2020-04937 

[*1]Enrique Vargas et al., Plaintiffs-Appellants-Respondents,
v
1166 LLC et al., Defendants-Respondents-Respondents.
1166 LLC, et al., Third-Party Plaintiffs- Respondents-Respondents,
v
Precision Interior Constr. Corp., Third-Party Defendant- Respondent-Appellant.


Alexander J. Wulwick, New York, for appellants-respondents.
Russo & Gould LLP, New York (Alan S. Russo of counsel), for Precision Interior Construction Corp., respondent-appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Douglas J. Domsky of counsel), for 1166 LLC and Verus Construction Services Inc., respondents-respondents.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered December 21, 2020, which, to the extent appealed from as limited by the briefs, denied the injured plaintiff's (plaintiff) motion for summary judgment on liability on the cause of action under Labor Law § 240(1), and granted so much of the motion of defendants/third-party plaintiffs 1166 LLC and Verus Construction Services Inc. (together, defendants) as was, in effect, for summary judgment on their third-party claim for contractual indemnification against third-party defendant Precision Interior Construction Corp., unanimously modified, on the law and upon a search of the record, to grant defendants summary judgment dismissing plaintiff's common-law negligence claim, and otherwise affirmed, without costs.
This action arises out of a construction project at premises owned by 1166 LLC; Verus, the general contractor on the project, had subcontracted with Precision, which employed plaintiff as a drywall taper. Plaintiff alleges that while he was working on the construction project, he fell off a scaffold and was injured. Further, plaintiff testified at his deposition that although he asked his foreman for guardrails, they were never provided to him. Precision's field supervisor and its vice president both testified that Precision's workers were specifically instructed to use guardrails when assembling their scaffolds, and that guardrails were readily available for workers' use; however, they maintained, plaintiff did not use the guardrails.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim. However, through the testimony that plaintiff declined to use guardrails even though he was instructed to do so and even though guardrails were available, 1166 LLC and Precision raised an issue of fact as to whether plaintiff was the sole proximate of his accident, thus rendering summary judgment in his favor inappropriate (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). Although the field supervisor did not witness the accident, he attested that he arrived on the scene as plaintiff was getting into the ambulance and proceeded straightaway to the worksite, where he found the Baker scaffold that plaintiff had been using to be in good condition, but the guardrails that plaintiff had been instructed to use leaning up against a nearby wall. These attestations were sufficient to raise an issue of fact (see Pietrowski v ARE-East Riv. Science Park, LLC, 86 AD3d 467 [1st Dept 2011]; Silva F.C. v Beekman Assoc., LLC, 92 AD3d 754 [2d Dept 2012] [affidavit of foreman who did not witness the plaintiff's accident but attested that the scaffold was equipped with railings on at least two sides was sufficient to raise a factual issue]), irrespective of whether we disregard the affidavit of Precision's vice-president as feigned and contradictory to his deposition testimony, as plaintiff urges. In view of our [*2]determination, the parties' remaining contentions concerning the Labor Law § 240(1) claim are academic.
As for so much of the order as granted defendants summary judgment on their third-party contractual indemnification claim against Precision, Precision aptly notes that with plaintiff's consent, Supreme Court granted defendants summary judgment dismissing plaintiff's Labor Law § 200 claim against them, but did not explicitly rule on so much of their motion as was for summary judgment dismissing the common-law negligence claim. Because the law is well settled that Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]), defendants cannot be found liable for common-law negligence if they did not violate Labor Law § 200. Accordingly, we search the record and grant defendants summary judgment dismissing the common-law negligence claim (see De Rosa v Slattery Contr. Co., 14 AD2d 278, 280 [1st Dept 1961], affd 12 NY2d 735 [1962]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-112 [1984]).
Since there is no basis for finding defendants actively negligent in connection with plaintiff's accident, defendants were properly awarded contractual indemnification from Precision. Precision's contractual indemnification agreement with defendants requires it to indemnify defendants "from and against any and all claims arising from or in connection with . . . any work or thing whatsoever done . . . in or about the Premises." Thus, Precision's contractual duty to indemnify defendants was triggered because plaintiff's accident arose from his performance of his work as a Precision employee, regardless of whether Precision was negligent (see e.g. Cackett v Gladden Props., LLC, 183 AD3d 419, 421-422 [1st Dept 2020]; Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022