Ortiz v City of New York (2024 NY Slip Op 01118)

Ortiz v City of New York

2024 NY Slip Op 01118

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 153705/19 Appeal No. 1775 Case No. 2022-04387 

[*1]Luis Ortiz, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 21, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, and granted defendants' cross-motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on his section 240 (1) claim, and otherwise affirmed, without costs.
Plaintiff fell approximately four feet as he attempted to descend from an outrigger platform on a scaffold by climbing down the cross bracing under the platform. Plaintiff made a prima facie showing of defendants' liability under Labor Law § 240 (1) by showing that defendants failed to provide a ladder that was supposed to be attached to the platform, and that such failure was a proximate cause of the accident (see Nechifor v RH Atl. Pac. LLC, 92 AD3d 514, 514 [1st Dept 2012]).
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his accident. Defendants contend that there were ladders readily available on site and that plaintiff was recalcitrant in failing to use them. They point to plaintiff's testimony and an affidavit by the site superintendent for the general contractor (plaintiff's employer). However, viewed in the light most favorable to defendants, this evidence fails to raise an issue of fact as to sole proximate causation. While the testimony and affidavit do suggest the availability of ladders, neither indicates that plaintiff "knew he was expected to use them but for no good reason chose not to do so" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). The detachable ladder that the superintendent saw was used as a means of access to different floors of the scaffold, and there was no evidence that the detachable ladder was a suitable alternative means of access for the outrigger platform (see Noor v City of New York, 130 AD3d 536, 539-540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]). There was no evidence that plaintiff had been instructed to use, or knew he was expected to use the detachable ladders (Gallagher, 14 NY3d at 88).
In view of the foregoing, defendants' arguments regarding plaintiff's Labor Law § 200 and common-law negligence claims are academic (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
We have considered the parties' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024