Perez v 1334 York, LLC (2025 NY Slip Op 00066)

Perez v 1334 York, LLC

2025 NY Slip Op 00066

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 156972/20 Appeal No. 3103 Case No. 2024-02957 

[*1]Percy Perez, Plaintiff-Appellant,
v
1334 York, LLC, et al., Defendants-Respondents.

Oresky & Associates, PLLC, Bronx (Michael Cassell of counsel), for appellant.
Cullen and Dykman LLP, New York (Marc C. Pottak of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 2, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 241(6) causes of action, unanimously reversed, on the law, without costs, plaintiff's motion on his claim under Labor Law § 240(1), granted, and the arguments regarding the Labor Law § 241 (6) claim dismissed as academic.
Plaintiff alleges that he was injured when he fell from a mobile scaffold while taping drywall, his assigned task, at a construction site situated on the fifth floor of a large office building. Plaintiff established prima facie entitlement to judgment as a matter of law on his Labor Law § 240(1) cause of action based on his undisputed testimony that he was provided a scaffold lacking guardrails on its long sides (see Ordonez v One City Block, LLC, 191 AD3d 412, 413 [1st Dept 2021]). Plaintiff's alleged failure to use the locking wheel devices and his movement of the scaffold, while in use, constitute at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Celaj v Cornell, 144 AD3d 590, 590 [1st Dept 2016]).
In opposition, defendants argue that there are triable issues of fact as to whether plaintiff was a recalcitrant worker and the sole proximate cause of his accident. Defendants maintain that plaintiff knew that he was expected to use the guardrails made available to him, chose for no good reason not to use these safety devices, and attempted to improperly move the scaffold while he was working on it (see Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017]).
Plaintiff testified that he used the scaffold only after he unsuccessfully searched for the guardrails and asked his foreman where to find them. According to plaintiff, the foreman denied the request and instructed him to proceed with the work. That foreman, however, contradicted plaintiff's testimony, stating that he never asked for guardrails. Defendants submitted affidavits from three of plaintiff's foremen and a coworker, each generally stating that suitable guardrails were available on the floor where plaintiff worked on the date of the accident, and that all drywall workers were made aware of the presence of the safety devices (see Vargas v 1166 LLC, 201 AD3d 614, 615 [1st Dept 2022]).
"Liability under section 240(1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Caselaw has not further defined the meaning of "readily available," beyond qualifying that a safety device need not be "in the immediate vicinity." Nonetheless, the seminal Gallagher case itself specifies that the worker should at least "kn[o]w where to find the safety devices" (14 NY3d at 88). Conversely, a defendant may do much to show that [*2]safety devices were readily available by showing that the worker knew "exactly where they could be found" (id., citing Robinson v East Med. Ctr., LP, 6 NY3d 550, 553 [2006]).
While defendants indicated that workers were generally aware that railings were available throughout the site, defendants failed to show that their precise locations were made known to the workers. The affidavits of the three foremen and coworker are conclusory, the record does not specify or even approximate the location of the guardrails, and at oral argument, counsel was unable to specify where these safety devices could be found. Moreover, although the record contains photos of the subject scaffold, there are no photographs of the missing guardrails that might serve as a guide to their possible location. Defendant's proof demonstrated only "[t]he general availability of safety equipment at a work site [which] does not relieve the defendants of liability" (Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11 [1st Dept 2011]).
Where a defendant cannot show, and does not even know, the location of safety devices in a space the length of a city block, it cannot establish that the devices were readily available.
In light of the grant of plaintiff's motion for partial summary judgment on liability under Labor Law § 240(1), the parties' arguments regarding plaintiff's claims under Labor Law § 241(6) are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025