**N47 Assoc. LLC v Jemsco Realty LLC**

2025 NY Slip Op 31605(U)

May 1, 2025

Supreme Court, New York County

Docket Number: Index No. 655551/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                    PART         **11M**

*Justice*

-------------------------------------------------------------------------------X

N47 ASSOCIATES LLC

                               Plaintiff,

                - v -

JEMSCO REALTY LLC,

                          Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655551/2023 |
| MOTION DATE | 10/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                     REARGUMENT/RECONSIDERATION     .

        Upon the foregoing documents, plaintiff's motion is granted in part.

## Background

        This motion arises out of a long-running dispute between neighboring property owners. N47 Associates LLC ("Plaintiff") is attempting to build a new hotel on its Manhattan property. In the process of getting an access agreement in place, Jemsco Realty LLC ("Defendant"). Who owns the property immediately adjacent, discovered that there were issues regarding its lot line windows and window air conditioning units. In the bitter dispute over the narrow strip of land located between the parties (the "Strip") that followed, which played out across the New York court system and the press, Defendant made certain statements to the Wall Street Journal that Plaintiff alleges knowingly case false doubt on Plaintiff's title to the Strip.

        The present proceeding was brought by Plaintiff, who pled claims for slander of title and prima facie tort. Defendant brought a pre-answer motion to dismiss. In an order dated August of 2024 (the "August Order"), this Court granted the motion to dismiss. In the August Order, the

**655551/2023   N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC**
**Motion No.  002**

**Page 1 of 6**

1 of 6

Court stated that the complaint did not allege special damages with particularity, which is required for both claims.

**Standard of Review**

CPLR § 2221(d) allows for a party to make a motion to reargue if it is "identified specifically as such" and requires that it be based "upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion."

**Discussion**

Plaintiff seeks to reargue the August Order on the grounds that the Court overlooked the affidavit of Elysa Goldman (the "Goldman Affidavit") who itemized the exact pecuniary details of Plaintiff's alleged damages. Defendant opposes and argues that the motion should be denied even if the Court finds that the Goldman Affidavit would remedy any defects in the complaint, as there are other, independent grounds for dismissing the complaint. For the reasons that follow, the motion to reargue is granted in part, and the order dismissing the complaint is modified to dismiss only the claim for prima facie tort.

*The Goldman Affidavit Satisfies the Pleading Standard*

Defendant argues that any consideration of the Goldman Affidavit would be discretionary, and therefore the Court should decline the reargument motion. CPLR § 3211(c) does use the discretionary word "may" when stating that a court can consider affidavits to remedy any potential defects in a complaint. Plaintiff has not cited to any authority holding that it is mandatory for a court to consider such affidavits, but the Court will do so here in the interests of full consideration on the merits. The Goldman Affidavit itemizes the losses alleged, including categories such as "Land Loan Interest Expense" and "Real Estate Taxes." Special

**655551/2023   N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC**
**Motion No.  002**

**Page 2 of 6**

2 of 6

damages "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." *Lincoln First Bank v. Siegel*, 60 A.D.2d 270, 280 [4th Dept. 1977]. Here, the itemized list of damages would suffice, on the standard of a motion to dismiss, to satisfy the special damages pleading standard as for particularity.

Defendant also argues that the Goldman Affidavit fails to causally relate the damages to the statements made by Defendant, which is a requirement for slander of title and prima facie tort. The complaint refers to "a proverbial cloud on Plaintiff's ownership interest" and consistently ties the alleged damages to Defendant's statements to both the Wall Street Journal article and statements made in court over the course of other litigation on the matter of adverse possession. The Goldman Affidavit also refers to the Wall Street Journal but seems primarily to tie the damages alleged to the delay resulting from the various proceedings between the parties. It states that the damages were a result of "delays in construction attributable to Defendant's conduct." It is unclear whether the allegation is that the delay damages were a result of Defendant pursuing litigation, or the statements made to the Wall Street Journal. But with every favorable inference, as is the standard on a motion to dismiss, the Goldman Affidavit and the complaint adequately pled the special damages requirement.

### *The Court Is Not Barred from Considering the Other Grounds for Dismissal on This Motion*

Defendant has argued that even if the Goldman Affidavit would satisfy the pleading requirements, the reargument motion should still be denied as there are independent reasons to dismiss the complaint. Plaintiff cites to *McCay* for the proposition that the Court cannot consider any other reasons for dismissal of the complaint than the special damages pleading requirement, but that case does not prohibit the Court from denying the reargument motion for other grounds.

**655551/2023   N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC**
**Motion No.  002**

**Page 3 of 6**

3 of 6

In *McCay*, the First Department declined a request by the plaintiff to search the record "for the purpose of granting him summary judgment on his section 241(6) claim, which, although a subject of his prior motion for summary judgment, was not a subject of his motion for reargument." *McCay v. J.A. Jones-GMO, LLC*, 74 A.D.3d 615, 616 [1st Dept. 2010]. The Court does not read this case as standing for the proposition that, should we consider the Goldman Affidavit as remedying any pleading deficiency in the complaint, the Court cannot also deny the motion for reargument because the complaint would have been dismissed for other reasons.

<u>*The Absolute Litigation Privilege and the Particularity Requirement Do Not Bar the*</u>

<u>*Slander of Title Claim on a Motion to Dismiss*</u>

Defendant argues that the slander of title claim is barred by the litigation privilege. Much of the basis for Plaintiff's claim does involve the initiation of civil litigation and their actions therein. There is a "sham action" exception to the absolute litigation privilege. *See, e.g., Thomas v. G2 FMV, LLC*, 147 A.D.3d 700, 701 [1st Dept. 2017]. If there is a question as to whether the exception applies, construing the complaint in the light most favorable to the plaintiff, the "issue should be decided at trial." *Flomenhaft v. Finkelstein*, 127 A.D.3d 634, 638 [1st Dept. 2015]. Furthermore, Plaintiff's allegations that form the basis of their claim include statements made to the press. Under a favorable inference reading, these statements do not fall under the absolute litigation privilege.

Defendant also argues that the complaint does not allege the time, place and manner that the statements were made to the press, citing to defamation case law. For a claim sounding in libel or slander, "the particular words complained of shall be set forth in the complaint." CPLR § 3016(a). Plaintiff has submitted the entirety of the Wall Street Journal article and has quoted relevant excerpts in the complaint. This suffices to satisfy the particularity pleading requirement.

**655551/2023   N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC**
**Motion No.  002**

**Page 4 of 6**

4 of 6

### *Statute of Limitations Does Not Bar the Slander of Title Claim*

Defendant argues that the motion to reargue should be denied because the slander of title claim is barred by the statute of limitations. An action for slander of title has a one-year statute of limitations under CPLR § 215. This action was commenced on November 8, 2023. Defendant points to the filing of the adverse possession action in 2020 as starting the clock for Plaintiff's claim. The clock for a slander of title action begins to run "from the time when pecuniary loss is incurred." *Rosenbaum v. City of New York*, 8 N.Y.3d 1, 12 [2006]. Here, Plaintiff alleges that they suffered continuing damages, including some as a result of actions in August and November of 2023. Under the continuing tort doctrine, the one-year statute of limitations in CPLR § 215 does not bar a claim "so long as the final actionable event occurred within one year of the suit." *Shannon v. MTA Metro-North R.R.*, 269 A.D.2d 218, 219 [1st Dept. 2000]. Under this doctrine, Plaintiff's claim is not tolled by the statute of limitations.

### *The Prima Facie Tort Claim Fails for Other Reasons*

Plaintiff has pled a claim for prima facie tort in the complaint. This claim fails for several reasons, even with the favorable motion to dismiss standard. First, an allegedly "malicious institution of a prior civil action" cannot form the basis of a claim for prima facie tort. *Curiano v. Suozzi*, 63 N.Y.2d 113, 118 [1984]. Secondly, a required element of this tort is "disinterested malevolence." *Id*., at 117. This element requires that the tortfeasor's motivation "must be a malicious one unmixed with any other and exclusively directed to the injury and damage of another." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 333 [1983]. Here, according to Plaintiff's own allegations, Defendants actions are at least in part motivated by a desire to avoid having to close its lot line windows and remove the window-hung air conditioning units. Therefore, even taking all facts alleged by Plaintiff as true, the complaint fails

**655551/2023   N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC**
**Motion No.  002**

**Page 5 of 6**

5 of 6

to allege a valid claim for prima facie tort because the claim is based in large part on the institution of prior civil litigation and is motivated at least in part by the desire to avoid a negative impact on Defendant's property. Accordingly, it is hereby

ADJUDGED that the plaintiff's motion to reargue is granted as to the slander of title claim and denied as to the prima facie tort claim; and it is further

ORDERED that the decision and order of this Court dated August 28, 2024, is hereby modified to grant dismissal as to the second cause of action for prima facie tort and deny the motion to dismiss as to the first cause of action for slander of title; and it is further

ORDERED that the Clerk of the Court shall restore this matter to active status.

20250502092700LFRANK620810FAF01544E2A716EE81273BA066

| 5/1/2025 | |
|---|---|
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655551/2023  N47 ASSOCIATES LLC vs. JEMSCO REALTY LLC
Motion No. 002

Page 6 of 6

6 of 6

[* 6]